MEMORANDUM *
Lynn Olsen and Carr Farms, LLC (“Olsen and Carr”) appeal the district court’s grant of summary judgment to the United States in their action to enforce their respective arbitration awards against the Federal Crop Insurance Corporation (“FCIC”). On cross-motions for summary judgment, the district court granted sum *835 mary judgment in favor of the United States and vacated the arbitration awards. The district court had jurisdiction to consider the government’s motion to vacate the awards pursuant to 28 U.S.C. § 1331 and 7 U.S.C. §' 1506(d), cf. United States v. Park Place Assocs., Ltd., 563 F.3d 907, 919-20 (9th Cir.2009), and we have jurisdiction to review the district court’s final order under 28 U.S.C. § 1291.[1] We review the grant of summary judgment de novo, see Lukovsky v. City & County of San Francisco, 535 F.3d 1044, 1047-48 (9th Cir.2008), and we affirm.
“It is axiomatic that ‘[arbitration is a matter of contract and a party cannot be required to submit any dispute which he has not agreed so to submit.’ ” Sanford v. Memberworks, Inc., 483 F.3d 956, 962 (9th Cir.2007) (alteration in original) (quoting AT & T Techs., Inc. v. Commc’ns Workers of Am., 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)). Further, because an arbitrator’s authority and jurisdiction to adjudicate a dispute is derived from the agreement of the parties, “the question of arbitrability — whether a[n] ... agreement creates a duty for the parties to arbitrate the particular grievance — is undeniably an issue for judicial determination” and “is to be decided by the court, not the arbitrator.” AT & T Techs., 475 U.S. at 649, 106 S.Ct. 1415; see also Three Valley Mun. Water Dist. v. E.F. Hutton & Co., 925 F.2d 1136, 1140-41 (9th Cir.1991) (“[Bjecause an arbitrator’s jurisdiction is rooted in the agreement of the parties, a party who contests the making of a contract containing an arbitration provision cannot be compelled to arbitrate the threshold issue of the existence of an agreement to arbitrate.” (citations and internal quotation marks omitted)).
Here, the FCIC repeatedly contested the making of an arbitration agreement before the arbitrators, and the United States renewed those objections during the present suit.[2] The arbitrators thus lacked authority to determine whether the FCIC was bound by the arbitration clause in the policies issued by American Growers Insurance Company. Cf. John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 546-47, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). Further, because the FCIC was not a party to the contract containing the ai’bitration clause, and because the arbitration provision makes clear that disagreements with the FCIC must be resolved through the administrative appeals process, the arbitrators lacked authority to proceed with arbitration and to enter awards against the FCIC. The district court therefore properly granted summary judgment to the United States and vacated the arbitration awards.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. In light of our determination that the district court properly vacated the awards, we need not address whether the government waived its sovereign immunity to confirmation of an arbitration award under 7 U.S.C. § 1506(d). Cf. Park Place, 563 F.3d at 923-29.

. We reject Olsen and Carr's contention that the FCIC challenged the “validity of the whole contract,” rather than the existence of an agreement to arbitrate, and that the arbitrator therefore had authority to resolve the threshold question of arbitrability. The FCIC did not argue that the contract was invalid, but rather argued that it was not a party to the contract and had not consented to arbitration. See Sanford, 483 F.3d at 962 (noting that "[i]ssues regarding the validity or enforcement of a putative contract mandating arbitration should be referred to an arbitrator,” but that "challenges to the existence of a contract ... must be determined by the court prior to ordering arbitration”).